IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN CORZO,<br><br>    Plaintiff,<br><br> vs.<br><br>10 ROADS EXPRESS DRT LLC, USPS INSPECTOR GENERAL, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION (FMCSA), DEPARTMENT OF TRANSPORTATION INSPECTOR GENERAL, UNITED STATES POSTAL SERVICE (USPS), NEBRASKA DEPARTMENT OF LABOR, FEDERAL BUREAU OF INVESTIGATION (FBI), and DEPARTMENT OF GOVERNMENT EFFICIENCY (DOGE),<br><br>    Defendants. | 8:25CV539<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff Juan Corzo's Complaint filed on September 8, 2025, with a supplement filed on September 30, 2025. Filing Nos. 1, 6. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

  The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues 10 Roads Express DRT L.L.C. (10 Roads), the United States Postal Service (USPS) Inspector General, the Federal Motor Carrier Safety Administration (FMCSA), the Department of Transportation (DOT) Inspector General, the USPS, the Nebraska Department of Labor (NDOL), the Federal Bureau of Investigation (FBI), and the Department of Government Efficiency (DOGE). Plaintiff seeks judicial intervention to address his rights as a whistleblower, and to address and resolve alleged willful federal contract violations, safety violations, administrative failures, mail tampering, whistleblower reprisals, and potential conspiracies involving the defendants. Filing No. 1 at 1-2.

Plaintiff's complaint is somewhat difficult to understand, but the Court believes the following fairly summarizes Plaintiff's allegations.

Plaintiff is a former safety specialist for 10 Roads, a trucking company. Between August 24, 2024, and September 14, 2024, while performing his duties as a safety specialist, Plaintiff discovered violations of Federal Motor Carrier Safety Administration (FMCSA) regulations, including instructing truck drivers to falsify records, work longer hours than legally permissible, and be off-duty less than legally required. Plaintiff reported the problems, but drivers were ordered "from very high up," by the "head guy," to operate as directed. Filing No. 1 at 4-5; Filing No. 6 at 4-7. Plaintiff questioned the training provided by 10 Roads, suspecting it promoted falsification of records, including assigning driving time to non-drivers without CDLs so the per-driver driving time appeared to comply with the law. Filing No. 1 at 5-6.

On September 18, 2024, Plaintiff reported the FMCSA violations to his manager, Tara Glendy. Glendy instructed Plaintiff not to report his findings to authorities, threatening consequences for doing so. Kim Arnold was also aware of 10 Roads' pattern of fraud. Filing No. 6 at 8. Glendy and Arnold deferred to

upper management and imposed no discipline for falsifying FMCSA reporting and wide-spread rule breaking. *Id*. On September 19, 2024, Plaintiff was forced to work alone without rest due to staffing shortages, and Glendy harassed Plaintiff for raising concerns about the FMCSA violations. Plaintiff left his shift early on September 20, 2024, because he was concerned he would be coerced into doing something illegal. Filing No. 1 at 5.

On September 21, 2024, a driver reported a trailer with a collapsing dolly leg. Plaintiff informed operations, maintenance, and road service that the trailer could not be moved until repaired. Rather than properly repair it, operations cut off the dolly leg, When Glendy was advised, she refused to escalate the problem, instead blaming the driver for reporting it. Filing No. 1 at 5.

On September 22, 2024, Plaintiff worked alone and handled six to eight accident reports and Hours of Service (HOS) violations. One of the violations involved an older driver who was instructed to drive despite insufficient rest. 10 Roads' management personnel referred to the driver as "deaf" and a "fossil." 10 Roads had a company practice of refusing to train elderly drivers. Filing No. 1 at 4, 6.

Plaintiff attempted to correct driver time logs but was ordered by Homewood Dispatch[1] to falsify them, a practice normalized in training. Homewood Dispatch continued to demand falsification of records and complained that Plaintiff was not doing so more quickly. Filing No. 1 at 6.

Plaintiff reported the demands to falsify records to Human Resources (HR). Rather than address Homewood Dispatch's failure to comply with the law, HR wrote up Plaintiff on September 26, 2024, for being disruptive.

---

[1] There is nothing of record explaining any corporate or contractual connection between Homewood Dispatch and 10 Roads Express, but it appears Homewood Dispatch provided truck and truck driver dispatch services for 10 Roads.

Thereafter, Plaintiff managed emergencies (e.g., overturned trucks, injuries during Hurricane Helene) while understaffed. Homewood Dispatch harassed him with multiple calls and yelling, creating a hostile work environment. Homewood Dispatch faced no consequences for this conduct, but Plaintiff was sanctioned for opposing the harassment and was told he was undermining 10 Roads' contractual duty to provide services to the USPS. Filing No. 1 at 6.

By September 27, 2024, six compliance safety workers had quit over the previous two months due to the hostile environment. The 24/7 hotline was staffed by only three people, and Glendy was forced to work in a sleep-deprived state. Plaintiff met with HR, voicing concerns and seeking protection from retaliation. HR suspended Plaintiff, claiming an investigation would occur. Filing No. 1 at 7.

On September 29 and 30, 2024, Plaintiff attempted to file a complaint with the FMCSA via the National Consumer Complaint Database (NCCDB) regarding the safety violations and retaliation. However, the FMCSA system did not allow Plaintiff, a non-driver safety specialist, to upload supporting evidence or complete the filing process. Plaintiff emailed MCICLOFF@dot.gov seeking assistance but received a generic instruction to call a posted toll-free number or visit the NCCDB website. Filing No. 1 at 7.

On October 1 and October 2, 2024, Plaintiff's attempts to upload complaint documents to the NCCDB were again blocked. This failure to provide an accessible complaint process for non-drivers violates GAO-23-105972. Filing No. 1 at 7.

On October 29, 2024, 10 Roads instructed Plaintiff to direct his future communications to the company's attorneys. Filing No. 1 at 3.

On November 5, 2024, Plaintiff reported violations, including gross mismanagement, abuse of authority, substantial dangers to public health and safety, FMCSA violations, and violations of the Age Discrimination in

Employment Act (ADEA), 29 U.S.C. §§ 621 to 634, to the USPS Inspector General by mail, fulfilling disclosure requirements under 41 U.S.C. § 4712. Filing No. 1 at 9.

Between April 15 and June 15, 2025, the FMCSA, DOT, and USPS failed to act on Plaintiff's reports. The USPS lost Plaintiff's mail, including his documentation of USPS' failure to deliver or handle mail properly. Plaintiff personally met with Lifen Wang to complain and sent a written complaint on April 15, 2025. Filing No. 1 at 8; Filing No. 6 at 3.

On May 6, 2025, USPS failed to deliver or redirected an unemployment appeal hearing notice, which was allegedly returned to sender on June 15, 2025. Inquiries, including email interactions with officials, failed to confirm the hearing's occurrence or the document's authenticity. Filing No. 1 at 8. On June 18, 2025, Olivia Orth (a 10 Roads employee) sent a letter to Plaintiff addressing Plaintiff's unemployment claim hearing against 10 Roads. Filing No. 1 at 3. Plaintiff attempted to confirm the veracity of the letter's contents, but the NDOL had no record of the correspondence. Filing No. 1 at 3; Filing No. 6 at 2. Plaintiff believes 10 Roads, USPS, and the NDOL conspired to prevent due process in whistleblower proceedings and to deny Plaintiff's access to an unemployment appeal hearing. Filing No. 1 at 8. Plaintiff asked the FBI to investigate the potential conspiracy and mail fraud, but the FBI did not respond. *Id.*

As of July 4, 2025, over 210 days had passed since Plaintiff filed his complaints, and despite serious accidents caused by 10 Roads, the USPS Inspector General had not investigated, issued a final order, or provided relief. Filing No. 1 at 8.

Plaintiff claims 10 Roads had a company practice of intimidation, including placing laminated documents labeled "RICO" on workers' desks, and

harassing and terminating employees who, like Plaintiff, reported 10 Roads' law violations. Filing No. 1 at 4, 9.

Plaintiff seeks the following relief:

1. Grant injunctive relief ordering 10 Roads to (a) cease filing frivolous legal actions, engaging in falsification, and attempting to intimidate Plaintiff; (b) release all documents regarding Plaintiff's unemployment appeal hearing, and if it occurred, reversing the decision for lack of due process; and (c) stop interfering with due process and mail delivery.
2. Declare that the actions of 10 Roads, USPS, and NDOL were performed in furtherance of a conspiracy, and that 10 Roads has a retaliatory structure and operates with systemic coercion.
3. Award damages under the Federal Tort Claims Act (FTCA) for mail loss/tampering, under *Bivens* for constitutional deprivations, and under OSHA whistleblower remedies; grant full protection and compensatory relief for safety and HOS staff who opposed 10 Roads' FMCSA violations; and require reinstatement or front pay if adverse employment actions occurred.
4. Impose FMCSA penalties against 10 Roads, with enhanced penalties for willful and repeated conduct.
5. Issue Writs of Mandamus:
    - compelling 10 Roads to cease requiring safety specialists to wake Glendy during sleep deprivation episodes and requiring it to properly staff the safety department for 24/7 operations;
    - compelling FMCSA to provide an electronic method for non-drivers to file complaints;
    - compelling the USPS Inspector General to (a) investigate contractual violations by 10 Roads; (b) review incidents, including

>   safety violations and ADEA violations; (c) order remedies including reinstatement, back pay, compensatory damages for emotional distress, and other relief provided by statute; (d) and support a joint Qui Tam action with Plaintiff as relator;
>
> - compelling the DOT Inspector General to investigate FMCSA's systemic failure to provide a complaint process for non-drivers;
>
> - compelling the FBI to investigate and respond to Plaintiff's complaints; and
>
> - compelling DOGE to investigate (a) systemic inefficiencies, failures in complaint processing, safety violations, age discrimination, and administrative inaction within federal agencies and contractors; (b) FMCSA's failure to provide an accessible complaint process for non-drivers; and (c) FMCSA's and USPS' failures to respond to complaints.

Filing No. 1 at 13-15; Filing No. 6 at 8-9.

Plaintiff asks to pursue this case under the pseudonym Juan Corzo to prevent blacklisting in the industry as a safety specialist, dispatcher, or driver due to whistleblowing, explaining 10 Roads' documented intimidation tactics places his livelihood at risk and could lead to further retaliation, including loss of employment opportunities. Filing No. 1 at 16-17.

### III. DISCUSSION

The court will address Plaintiff's claims based on the relief requested; in this case, injunctive relief, declaratory relief, damages, and writs of mandamus.

### A. Injunctive Relief

Plaintiff's requests for injunctive relief are directed at only 10 Roads. The Court will address each request in turn.

Plaintiff demands that 10 Roads cease filing frivolous legal actions. Perhaps this relates to a hearing on Plaintiff's demand for unemployment compensation. See Filing No. 6 at 2. Very liberally construed, that is the only legal action Plaintiff's complaint mentions, and as to that matter, there is no need for injunctive relief. The hearing is apparently over. Plaintiff is demanding that the hearing be repeated, with the past outcome reversed, because he had no notice of the hearing and his due process rights were violated. However, a federal court will not interfere with administrative rulings of state agencies so long as the state provides an avenue for review of alleged deprivations of constitutional rights. *Ohio C.R. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 620, (1986). Since a plaintiff can challenge a state agency decision on constitutional grounds in the Nebraska state courts, *see e.g., Sheehy v. Albin*, No. A-22-450, 2023 WL 1131229, at *4 (Neb. Ct. App. Jan. 31, 2023), this Court will not address Plaintiff's demand for an order requiring a new unemployment appeal hearing because he allegedly lacked notice of the prior hearing.

Plaintiff demands that 10 Roads be prohibited from falsifying records. While falsification of records *may* have personally impacted Plaintiff in his safety specialist position for 10 Roads, it appears Plaintiff no longer works there. So, at this time, he lacks a direct personal stake in obtaining an order demanding that all FMCSA records be accurate, and the court will not grant this requested relief. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) (holding a plaintiff must be directly affected, not merely specifically interested, in the action to be enjoined).

Plaintiff asks for an order prohibiting 10 Roads from further intimidating Plaintiff, but there are no facts indicating that after Plaintiff's 10 Roads' employment was over, there was any contact with Plaintiff other than perhaps in the unemployment application, award, and appeal process. And as

to those processes, there are no alleged facts indicating 10 Roads attempted to threaten or intimidate Plaintiff.

Plaintiff demands an order requiring 10 Roads to release all documents regarding his unemployment hearing. He alleges he unsuccessfully asked NDOL about a letter received in June of 2025, but he has not alleged that he made any attempt to obtain the records of his unemployment hearing. The Court will not order a party to collect public records for its opponent absent some showing that the opponent cannot obtain the records, especially after the litigation is over.

Finally, Plaintiff asks for an order requiring 10 Roads to stop interfering with his mail delivery and his due process right to attend his unemployment hearing. Plaintiff's complaint, at most, alleges negligence in failing to deliver Plaintiff's mail, which is insufficient to support a due process claim. *S.S. v. McMullen*, 225 F.3d 960, 964 (8th Cir. 2000). Plaintiff does not allege facts indicating 10 Roads intentionally failed to deliver Plaintiff's notice of an unemployment appeal hearing, or that the notice was ever in 10 Roads' possession.

Plaintiff has failed to allege facts supporting his claims for injunctive relief against 10 Roads.

## B. Declaratory Relief

Plaintiff asks the court to declare that 10 Roads, USPS, and the NDOL conspired against him, apparently in failing to notify Plaintiff of the unemployment compensation appeal hearing. However, Plaintiff does not allege facts showing these entities agreed among themselves or even communicated regarding Plaintiff's mail delivery generally, or the delivery of the notice of an unemployment appeal hearing specifically. Plaintiff is not entitled to declaratory relief on his claim that 10 Roads, USPS, and NDOL engaged in a conspiracy to harm Plaintiff's interests. *See Twombly*, 550 U.S.

at 556 (holding a plaintiff must identify facts suggesting an agreement between alleged conspirators; "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice"). For the same reason, Plaintiff has failed to allege facts supporting a civil RICO claim. While Plaintiff's complaint mentions civil RICO, Filing No. 1 at 3-4, 9, he has failed to allege facts showing 10 Roads, USPS, and the NDOL acted as members of an enterprise. *In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 767 (8th Cir. 2003).

Plaintiff further requests a Court finding that 10 Roads maintained a retaliatory structure with systemic coercion. That finding may or may not be relevant to any claim that Plaintiff is allowed to pursue on his own behalf. If factually supported and relevant to disposition of any claim, this finding may become part of the Court's public record. But Plaintiff has not alleged an independent claim supporting a Court declaration that 10 Roads has a corporate culture of retaliation and coercion.

**C. Damages Claims**

Plaintiff alleges a right to damage recovery under the FTCA or for violation of his civil rights. The FTCA permits lawsuits against the federal government for torts committed by federal employees. *King v. United States*, 3 F.4th 996, 998 (8th Cir. 2021). Plaintiff alleges USPS' repeated failure to deliver his mail, including the unemployment hearing notice, is mail tampering and an actionable tort under the FTCA. However, under the exceptions to recovery under the FTCA, Plaintiff cannot sue on "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). *See also, Najbar v. United States*, 649 F.3d 868, 870–71 (8th Cir. 2011); *Madison v. United States*, No. 4:12CV22, 2012 WL 12897122, at *2 (D. Neb. Apr. 2, 2012); *Pruitt v. U.S. Postal Serv.*, 817 F. Supp. 807, 808 (E.D. Mo. 1993). Further, to litigate an FTCA claim in federal court,

11

the plaintiff must first present the claim to the appropriate federal agency and have the claim denied by the agency in writing. Plaintiff has not alleged that he performed this pre-suit requirement. This court lacks subject matter jurisdiction to consider Plaintiff's FTCA claim because he has failed to allege exhaustion of his FTCA administrative remedies before filing suit. *Najbar,* 649 F.3d at 870–71.

Plaintiff also claims a right to recover damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are claims for damages against federal government officials, in their individual capacities, for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). But as previously stated, Plaintiff has not alleged that any federal employee, in his individual capacity, caused him harm. Plaintiff has therefore failed to state a *Bivens* claim.

Plaintiff alleges 10 Roads does not train older drivers and refers to them disparagingly in violation of the ADEA. Plaintiff does not allege that he, personally, was subjected to age discrimination. Plaintiff has failed to state a claim of age discrimination

Plaintiff demands recovery of compensation, and reinstatement or, in the alternative, front pay for any safety or HOS staff who resisted 10 Roads' directives to violate HOS rules and falsify records. Plaintiff is not an attorney. He can file a lawsuit on his own behalf, but a non-attorney litigant may not represent someone else in federal court. *Chatman v. Omaha Housing Authority*, 2025 WL 1827309, at *1 (D. Neb. 2025). So, Plaintiff cannot pursue this case on behalf of other 10 Roads employees.

Plaintiff can, however, pursue a pro se claim on his own behalf. His complaint mentions he faced retaliation for whistleblowing for reporting FMCSA and ADEA violations. Filing No. 1 at 4. To state such a claim, Plaintiff

must show his reporting of FMCSA and ADEA violations was protected activity; 10 Roads knew of the protected conduct; 10 Roads took an adverse employment action against Plaintiff; and Plaintiff's reporting of violations was a contributing factor in the employer's decision to take the adverse action. *Maverick Transp., LLC v. U.S. Dep't of Lab., Admin. Rev. Bd.,* 739 F.3d 1149, 1155 (8th Cir. 2014), *as corrected* (Jan. 17, 2014) (citing 49 U.S.C. §§ 31105(a)(1)(B), 42121(b)(2)(B)(i)); *Kneibert v. Thomson Newspapers, Michigan Inc.,* 129 F.3d 444, 454 (8th Cir. 1997) (ADEA).

Plaintiff has not alleged facts supporting each of these elements of a whistleblower retaliation claim. For example, Plaintiff is no longer working for 10 Roads, but there is nothing in the complaint to explain why. Plaintiff will be afforded an opportunity to amend his complaint.

### D. Imposition of Penalties

Plaintiff asks the court to impose penalties against 10 Roads for FMCSA violations. Plaintiff has not filed this case under seal and on behalf of the government as a Qui Tam action. See 31 U.S.C. § 3730(b). And as a private citizen, Plaintiff is not entitled to recover penalties as a remedy for 10 Roads' alleged violation of regulations. Plaintiff has failed to state a claim to impose penalties against 10 Roads.

### E. Writs of Mandamus

Plaintiff asks the Court to enter writs of mandamus demanding that the USPS Inspector General, the DOT Inspector General, the FBI, and DOGE investigate and respond to his complaints. He asks for a writ of mandamus commanding 10 Roads to fully staff the safety specialist positions for 24/7 coverage, and command FMCSA to provide a method for non-drivers to file complaints.

The district courts have original jurisdiction of any action requesting a writ of mandamus to compel an officer or employee of the United States or any

federal agency to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. A writ of mandamus is extraordinary relief and sparingly granted. The party seeking the writ must show he has no other adequate means to attain the relief desired. The petitioner must have a clear and indisputable right to the relief sought, and the respondent must have a non-discretionary duty to honor that right. In addition, the court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *In re Brazile*, 993 F.3d 593, 594 (8th Cir. 2021); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986).

Plaintiff requests a writ of mandamus compelling 10 Roads to increase the manpower assigned as safety specialists. The court must dismiss mandamus claims where the complaint fails to allege that a federal government officer or employee violated a duty owed to the plaintiff. *Smith v. Grimm*, 534 F.2d 1346, 1352 (9th Cir. 1976). 10 Roads is not a federal agency, and its employees are not federal officers or employees. As to 10 Roads, Plaintiff has failed to state a claim upon which mandamus relief may be granted.

Plaintiff requests a writ of mandamus to compel an online means for non-drivers to file complaints. In support of this request, Plaintiff cites GAO-23-105972, a study with recommendations for improving the NCCDB website, and 41 U.S.C. § 4712, the statute prohibiting reprisal against those who report public safety dangers to Congress, the courts, or federal officials responsible for oversight. He further claims the NCCDB website violates his right to equal protection and due process because non-drivers cannot have their complaints reviewed and there is no rational basis for treating drivers and non-drivers differently. Finally, he alleges the website violates the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117, because the FMCSA is refusing to allow non-drivers, including disabled safety specialists, to file complaints, thereby denying access to a federally funded program.

Here, Plaintiff alleges he emailed MCICLOFF@dot.gov to obtain assistance when he was unable to submit his complaint and supporting evidence, and in response, he was advised to call a toll-free number or visit the website. He does not allege that he called for assistance or attempted any method other than the website, including email, facsimile, or mail, to submit his complaints and supporting evidence. Moreover, Plaintiff can pursue a claim only for himself, and since he does not allege that he has a disability as defined by the ADA, he has failed to allege a claim that the NCCDB website violated his rights under the ADA.

Plaintiff has failed to allege a clear need or a clear right to submit complaints electronically, and FMCSA does not have a clear non-discretionary duty to accommodate Plaintiff's demand. As to the FMCSA. Plaintiff has failed to state a claim for a writ of mandamus.

Plaintiff requests a writ of mandamus requiring the USPS Inspector General, the DOT Inspector General, the FBI, and DOGE to investigate and respond to his complaints. The USPS and DOT Inspector Generals "*may* receive and investigate complaints or information" from employees concerning "the possible existence of an activity constituting a violation of law, rules, or regulations . . . or a substantial and specific danger to public health and safety." 5 U.S.C. 407(a) (emphasis added). Since they are afforded discretion in when and how to investigate complaints, inspector generals have no clear statutory duty to inspect Plaintiff's complaints and Plaintiff has no clear statutory right to a response. Moreover, the Due Process Clause confers no affirmative right to a governmental investigation, even when necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).

Plaintiff asserts a right to compel the FBI to investigate his claim that 10 Roads, the USPS, and the NDOL conspired against him and that he was the victim of mail fraud. However, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Deciding whether, when, and to what extent, the government should investigate and pursue criminal charges is clearly within the investigatory and prosecutorial discretion of the FBI. A writ of mandamus cannot be issued to control the exercise of this discretion. *See Gant v. F.B.I.*, 992 F. Supp. 846 (S. D. W. Va.1998) (holding no writ of mandamus will issue to compel FBI to perform discretionary responsibilities of investigating criminal violations); *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C.1991) (dismissing plaintiff's mandamus action against Department of Justice and the FBI because neither of these agencies, nor any other official or agency of the United States owed the plaintiff a non-discretionary duty to investigate his brother's death). The FBI does not have a non-discretionary duty to investigate 10 Roads in response to Plaintiff's complaints and demands.

Plaintiff asserts a right to compel DOGE to investigate his complaints. The Executive Order 14158 of January 20, 2025, "Establishing and Implementing the President's "Department of Government Efficiency" specifically states: "This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Executive Order 14158, § 5(c). By Executive Order, Plaintiff cannot state a private right of action to compel a DOGE investigation.

Plaintiff asks for an order compelling the USPS Inspector General to join him in a Qui Tam action. However, intervening in a Qui Tam action is a discretionary decision; the government "may elect to intervene." 31 U.S.C. §

16

3730(b)(2). Plaintiff has no clear right to have the government intervene in any Qui Tam action he may file, and the government is not required to do so.

As to USPS Inspector General, the DOT Inspector General, the FBI, and DOGE, Plaintiff has failed to state a claim for obtaining the writs of mandamus requested in his complaints.

**F. Request to Proceed by Pseudonym**

Plaintiff asks to pursue this case under the pseudonym "Juan Corzo." Courts "disfavor the use of fictitious names in legal proceedings." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). "[A] party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id*. Factors weighing in favor of party anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threaten[s] to reveal information of a sensitive and highly personal nature"; (3) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Id*. (internal quotation omitted). Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (3) whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id*. (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id*. at 1077–78.

The allegations in the complaint involve whistleblower discrimination. Plaintiff alleges he has already faced retaliation and intimidation from 10 Roads, and since background checks of trucking industry specialists are extensive and trucking companies share information, having his name disclosed as pursuing a lawsuit against 10 Roads could mark the early end to his career. Under the allegations presented, the Court finds Plaintiff has established that, *at this time*, it is appropriate for him to proceed under the fictitious name, Juan Corzo.

However, Plaintiff is forewarned that the defendants are entitled to defend this case and to that end, Plaintiff's identity will need to be disclosed to those defendants against whom Plaintiff is permitted to pursue a claim. See *Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities "lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1069 n.11 (9th Cir. 2000)). So, while the Court is granting Plaintiff's motion to pursue this case under a pseudonym prior to service of process, that decision will be subject to review, reconsideration, and modification or reversal if this matter proceeds to service of process and if a defendant so requests.

## V. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff has failed to state a claim against any of the defendants. But rather than dismiss the case, the Court will allow Plaintiff to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until **November 21, 2025**, to file an amended complaint. Plaintiff must state facts supporting his claim, including what each defendant did to him, when it was done, how it was done, and how that specific defendant's actions or inactions harmed him. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**November 21, 2025**:" check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 22nd day of October, 2025.

BY THE COURT:

_Cheryl R. Zwart_
Cheryl R. Zwart
United States Magistrate Judge